```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MARIANN LORD,                                                           :
                                                                        :
                                Plaintiff,                              :
                                                                        :   21-CV-10875 (JMF)
                -v-                                                     :
                                                                        :   MEMORANDUM OPINION
ACCENTURE LLP,                                                          :          AND ORDER
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Mariann Lord brings claims against her former employer, Defendant Accenture LLP, under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ECF No. 1 ("Compl."). Accenture now moves, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, to compel arbitration. *See* ECF No. 43. Significantly, Lord does not dispute that her claims fall within the scope of a provision in her employment agreement requiring arbitration "in accordance with the then-existing Rules of Arbitration of the International Chamber of Commerce ('ICC')." ECF No. 38, at 2-3; *see generally* ECF No. 50 ("Pl.'s Opp'n"). Instead, she contends only that the arbitration agreement is unenforceable under state law because it is unconscionable. *See* Pl.'s Opp'n 6-11.[1] That argument, however, is without merit, substantially for the reasons set forth in

---

[1] The parties disagree about whether Pennsylvania or New York law should apply to the unconscionability analysis. *Compare* Pl.'s Opp'n 3 n.3, 5, *with* ECF No. 51 ("Def.'s Reply"), at 2-3. But the Court need not resolve the dispute, as Lord concedes that "the applicable laws on this issue in Pennsylvania and New York operate similarly." Pl.'s Opp'n 5; *see, e.g.*, *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 119 (2d Cir. 2012) (declining to resolve a "choice-of-law question" because both states "apply substantially similar rules" and the issue was "therefore without significance").

Accenture's reply.

First, her argument with respect to procedural unconscionability — which rests solely on the allegedly unequal bargaining power between the parties, *see* Pl.'s Opp'n 6-8 — flies in the face of the overwhelming weight of authority, which provides that "'[m]ere inequality in bargaining power' is not a sufficient basis for finding an arbitration clause unenforceable in the employment context." *De Jesus v. Gregorys Coffee Mgmt., LLC*, No. 20-CV-6305 (MKB), 2021 WL 5591026, at *6 (E.D.N.Y. Nov. 29, 2021) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 33 (1991)).  The cases on which Lord relies appear to be outliers and, in any event, are easily distinguished from the present case because all involved much more severe imbalances of power than the one presented here.  *See, e.g.*, *Seme v. Gibbons, P.C.*, No. 19-CV-857, 2019 WL 2615751, at *4-5 (E.D. Pa. June 26, 2019) (distinguishing *Porreca v. Rose Gr.*, No. 13-CV-1674, 2013 WL 6498392 (E.D. Pa. Dec. 11, 2013) — the principal case on which Lord relies here — on similar grounds).  Put simply, Lord — who, at the time she agreed to arbitrate, was a senior executive with twenty-three years of professional experience and five years at Accenture, *see* Def.'s Reply 6 — bears no resemblance the plaintiffs in the cases on which she relies.

That is enough to doom Lord's resistance to arbitration.  *See, e.g.*, *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 230 (3d Cir. 2012) ("To prove unconscionability under Pennsylvania law, a party must show that the contract was both substantively and procedurally unconscionable."); *Chandler v. IBM Corp.*, No. 21-CV-6319 (JGK), 2022 WL 2473340, at *7 (S.D.N.Y. July 6, 2022) ("A showing of both procedural and substantive unconscionability is required [under New York law] in all but 'exceptional cases' in which a provision is 'so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone.'" (quoting *Gillman v. Chase Manhattan Bank N.A.*, 534 N.E.2d 824,

829 (N.Y. 1988)).  In any event, Lord's arguments with respect to substantive unconscionability — based solely on differences between the ICC Rules and the Federal Rules of Civil Procedure, *see* Pl.'s Opp'n 9-10 — are without merit as well.  Indeed, the cases are legion in which courts have enforced arbitration clauses pursuant to the ICC Rules.  *See* Def.'s Reply 10 n.15 (citing cases).

In short, Lord falls far short of carrying her burden to demonstrate that the arbitration provisions to which she agreed are unconscionable.  *See, e.g.*, *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 129 (Pa. 2007) ("Under Pennsylvania law, the burden of establishing unconscionability lies with the party seeking to invalidate a contract, including an arbitration agreement."); *Velez v. Credit One Bank*, No. 15-CV-4752 (PKC), 2016 WL 324963, at *4 (E.D.N.Y. Jan. 25, 2016) (same under New York law).  Moreover, because "the significant facts germane to the unconscionability issue are essentially undisputed, the court may determine the issue without a hearing." *De Jesus*, 2021 WL 5591026, at *6 (quoting *Emigrant Mortg. Co., Inc. v. Fitzpatrick*, 945 N.Y.S.2d 697, 700 (2d Dep't 2012)).

Accordingly, Accenture's motion to compel arbitration is GRANTED.  Additionally, because Accenture requests a stay, the action is stayed pending resolution of the arbitration.  *See* 9 U.S.C. § 3 ("[T]he court . . . , upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . , *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (emphasis added)); *Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) ("We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested.").  That said, the Court sees no reason to keep the case open pending arbitration.  Accordingly, the Clerk of Court is directed to terminate ECF No. 43 and to

administratively close the case, without prejudice to either side moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.

SO ORDERED.

Dated: July 12, 2022
      New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

4